IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ERIC LAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 117-118 |
| | ) |
| | ) |
| KELLY SPEIGHT; DAVID CADDEN; | ) |
| and BETH LOVE, | ) |
| | ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned employment discrimination case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

## I. SCREENING OF THE COMPLAINT

### A. BACKGROUND

Plaintiff and Defendants were employees at Medtronic.[1] (Doc. no. 1, pp. 3, 10.)

---

[1] While Plaintiff lists "Cardinal" as his past place of employment he also refers to Defendants as employees of "Medtronic." (Doc. no. 1, pp. 3, 6-7.) For the sake of consistency, the Court will refer to Medtronic as Plaintiff's past employer throughout.

Plaintiff had a "playful social relationship" with Defendant Beth Love, team leader at Medtronic. (Id. at 9.) On November 3, 2016, Plaintiff and Ms. Love were "playing together" at work when he "touched her on her arm and she ran." (Id. at 4, 9.) Defendant Kelly Speight placed Plaintiff on administrative leave. (Id. at 4.) Plaintiff requested "African Americans to be present at their administrative hearings and investigations," to which Ms. Speight agreed. (Id.) However, none were present at the hearings and none were involved in any investigation. (Id.) On November 28, 2016, Ms. Speight fired Plaintiff for "violating Medtronic policy and offensive behavior." (Id. at 9.) Ms. Speight called Plaintiff to tell him he was fired. (Id. at 4.) Defendant David Cadden was present with Ms. Speight at the time of the call and said "I told you" to Plaintiff over the phone. (Id. at 4.) Plaintiff and Mr. Cadden had a dispute about Ms. Love "years ago." (Id. at 10.) Plaintiff told Ms. Speight that Mr. Cadden was "bias[ed], prejudice[d] and [has] been firing African Americans in the same or similar ways." (Id. at 5.) Plaintiff was not given the opportunity to defend himself or be present or represented at any "termination meetings." (Id. at 6.)

Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC"). However, Plaintiff stated he has not received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). (Id. at 6.)

**B.    DISCUSSION**

    **1.    Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is

2

frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction

3

does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Title VII Claim.

Plaintiff's complaint attempts to assert a Title VII employment discrimination claim against Defendants. (Doc. no. 1, p. 4.) However, Plaintiff conceded the EEOC has not yet issued such a letter with regards to the charge he filed on January 12, 2017. Prior to bringing a claim of employment discrimination under Title VII, a plaintiff is required to exhaust available administrative remedies. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001). Generally, as an initial step, the aggrieved employee must file a charge of discrimination with the EEOC and receive a right-to-sue letter. Id.; see also 42 U.S.C. § 2000e-5(f)(1) (requiring charges be filed within ninty days of issuance of a right-to-sue letter). The receipt of the right-to-sue letter is not a jurisdictional requirement, but rather a statutory prerequisite subject to equitable defenses. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (holding prerequisite of obtaining a right-to-sue letter is subject to waiver, estoppel, and equitable tolling); Forehand v. Fla. State Hosp. at Chattahoochee, 89 F.3d 1562, 1569 (11th Cir. 1996) ("[R]eceipt of a right-to-sue letter is not a jurisdictional prerequisite to suit, but rather, is a statutory precondition which is subject to equitable modification."). However, the failure to file a claim with the EEOC may bar a plaintiff from bringing suit. Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 n.6 (1984); Hines v. Widnall, 334 F.3d 1253, 1257 (11th Cir. 2003).

Reviewing Plaintiff's claim, the Court finds Plaintiff has filed a charge with the EEOC but has not received a right-to-sue letter. (Doc. no. 1, p. 9.) While the Court is aware

Plaintiff has filed his charge with the EEOC, the investigation is apparently ongoing. However, because receipt of an EEOC right to sue letter is a statutory prerequisite to at Title VII employment discrimination case, Plaintiff complaint fails to state a valid Title VII claim. Zipes, 455 U.S. at 393.

### 3. Plaintiff Fails to State a § 1983 Claim Because Defendants are Not State Actors.

To establish a § 1983 claim, a plaintiff must show "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Consequently, "'the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999)). However, a private actor may qualify as a "state actor" for purposes of § 1983 if one of three conditions is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]' ('nexus/joint action test') Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting NBC, Inc. v. Communications Workers of America, 860 F.2d 1022, 1026-27 (11th Cir. 1988)).

Here, Defendants satisfy none of the three tests.  Plaintiff alleges Defendants Speight, Cadden, and Love were employees of Medtronic.  (Doc. no. 1, 9-10.)  Plaintiff does not allege Defendants were state employees or acting under color of state law.  Furthermore, based on Plaintiff's allegations, there is no indication Defendants' actions were compelled by the state, a traditional public function, or part of a joint enterprise with the state.  Based on the face of the complaint, Defendants were acting solely as private actors.  Accordingly, Plaintiff fails to state a § 1983 claim for relief against Defendants.

### 4. Plaintiff Also Fails to State a § 1981 Claim Against Defendants.

42 U.S.C. § 1981 provides that "[a]ll persons . . . shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . .," and it broadly protects "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1981(b).  42 U.S.C. § 1981 provides similar protections as those provided under Title VII in the employment context.  Davis v. Auburn Bank, No. 16-12263, 2017 WL 358269, at *4 n.5 ("Claims for race-based discrimination, retaliation, and hostile work environments are cognizable under § 1981.").

First, Plaintiff's complaint does not support a wrongful termination claim based on employment discrimination. To establish a prima facie case for wrongful termination based on circumstantial evidence in a race discrimination claim, the plaintiff must allege he "was a qualified member of a protected class and was subjected to an adverse employment action in contrast to similarly situated employees outside the protected class." Albert-Aluya v. Burlington

6

Coat Factory Warehouse Corp., 470 F. App'x 847, 850 (11th Cir. 2012) (citing Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1264 (11th Cir. 2010)).

Here, Plaintiff does not assert any facts suggesting he was treated differently than similarly situated employees outside of his protected class. In fact, at no point in his complaint does Plaintiff allege any facts suggesting he was fired based of his race. Plaintiff only asserts he requested African Americans at any administrative hearings relating to his termination and none were present. (Id. at 4.) While Plaintiff claims Mr. Cadden fired other African Americans based on bias or prejudice, he does not set forth any facts establishing racial animus here. (Id. at 5.) In fact, Plaintiff states his past problems with Mr. Cadden arose out of Plaintiff's interactions with Ms. Love. (Id. 10.) Thus, the facts asserted in Plaintiff's claim fail to state an employment discrimination claim based on wrongful termination. Burke-Fowler, 447 F.3d at 1323.

Second, Plaintiff does not establish a valid retaliation claim. A plaintiff alleging a retaliation claim establishes a prima facie case by showing: "(1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) he established a causal link between the protected activity and the adverse action." Bryant v. Jones, 575 F.3d 121, 1307-08 (11th Cir. 2009) (citation omitted). Plaintiff does not claim he was fired as a result of statutorily protected activity. Although Plaintiff voiced complaints about the termination process following his suspension, there are no facts alleged to suggest his termination was caused by these complaints and not the underlying incident between Plaintiff and Ms. Love. (Doc. no. 1, pp. 4-5.) Thus, Plaintiff also fails to state a valid retaliation claim.

Finally, Plaintiff fails to state a hostile work environment claim under § 1981. For a hostile work environment claim, a plaintiff must show:

7

> (1) that he [or she] belongs to a protected group; (2) that he [or she] has been subject to unwelcome harassment; (3) that the harassment[was] based on a protected characteristic of the employee, such as national origin; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability.

Bryant, 575 F.3d at 1296 (quotation omitted). Plaintiff has failed to allege any incidents of harassment based on his race. As such, his claim fails to meet even the most basic requirements of a § 1981 hostile work environment claim. Id. In sum, Plaintiff's complaint fails to state a § 1981 claim based on any of the asserted theories of action.

### 5. Any Potential State Law Claims Should Be Dismissed.

To the extent Plaintiff may have any viable state law claims regarding the events alleged in his complaint, those should be dismissed so that Plaintiff may pursue them in state court. Pursuant to 28 U.S.C. § 1331, District Courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

Indeed, a District Court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists. See Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000) (directing dismissal of state law claims when case "retains no

independent basis for federal jurisdiction"); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."). Accordingly, any potential state law claims should be dismissed so that Plaintiff may, if he chooses, pursue them in state court.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 6th day of November, 2017, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA